USCA1 Opinion

 

 April 5, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2032 ERIC DAVIS, Plaintiff, Appellant, v. NEW HAMPSHIRE DEPARTMENT OF CORRECTIONS, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Martin F. Loughlin, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Eric Davis on brief pro se. __________ Jeffrey R. Howard, Attorney General, and Lucy C. Hodder, ___________________ _________________ Assistant Attorney General, on brief for appellee. ____________________ ____________________ Per Curiam. Eric Davis, a New Hampshire inmate, __________ brought this action under 42 U.S.C. 1983 alleging that his due process rights had been violated in connection with a prison reclassification hearing. From an award of summary judgment for defendants (who are two classification board members sued in their personal capacities), he now appeals. Plaintiff's contention that material facts remain in dispute proves mistaken. Although we read the record and indulge all inferences in a light most favorable to the non-moving party, see, e.g., Vasapolli v. Rostoff, 39 F.3d 27, 32 (1st Cir. ___ ____ _________ _______ 1994), "the adverse party cannot defeat a well-supported motion"--as plaintiff has attempted to do here--"by 'rest[ing] upon the mere allegations or denials of [his] pleading.'" Data General Corp. v. Grumman Systems Support ___________________ ________________________ Corp., 36 F.3d 1147, 1159 (1st Cir. 1994) (quoting Fed. R. _____ Civ. P. 56(e)). As a result, defendants' evidence--to the effect that the reclassification hearing was held on November 3, 1993 with plaintiff in attendance--is undisputed for Rule 56 purposes, warranting judgment in their favor. Moreover, for the reasons recited by the district court, we agree that defendants would be entitled to qualified immunity even if a de minimis constitutional violation were deemed to have ___________ occurred. Affirmed. ________ -2-